# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Regina M. Rodriguez

Civil Action No. 21-cv-01972-RMR-SKC

MATTHEW SANDOFSKY,

    Plaintiff,

v.

TURBOTENANT,

    Defendant.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Crews (ECF 26) addressing Defendant's Motion to Compel Arbitration (ECF 19). Judge Crews recommends that the Defendant's motion be granted. The Recommendation was served on December 13, 2021. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard.

Accordingly, it is **ORDERED** as follows:

1. The Recommendation of the United States Magistrate Judge (ECF 26) is **ACCEPTED and ADOPTED** in its entirety;
2. Defendant's Motion to Compel Arbitration (ECF 19) is **GRANTED**;
3. This matter shall be administratively closed until the arbitration concludes.

DATED: January 4, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed R. Civ. P. 72(b).